Gerald D. Lane Jr., CA # 352470
E-mail: gerald@jibraellaw.com
The Law Offices of Jibrael S. Hindi
1515 NE 26th Street
Wilton Manors, FL 33305
Phone: (754) 444-7539

*Counsel for Plaintiff*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

Case No.:

**THOMAS ANTHONY ELLIS,**
*individually and on behalf of all others similarly situated,*

  Plaintiff,

v.

**WALLET BUDDHA LLC,**

  Defendant.
_____/

**CLASS ACTION**

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

Plaintiff Thomas Anthony Ellis ("Plaintiff") brings this class action against Wallet Buddha LLC ("Defendant") and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## PRELIMINARY STATEMENT

1. Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress

enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227) (the "TCPA"). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

2. The TCPA affords special protections for people who, like Plaintiff, request to be placed on a company's internal do not call list. Specifically, the TCPA provides that each person who receives more than one call on their cell phone after requesting to be placed on the company's internal do not call list is entitled to recover a penalty of up to $500 per call, and up to $1,500 per call if the TCPA is willfully or knowingly violated.

3. The problem with receiving unwanted telemarketing communications is a problem that most people in this country, like Plaintiff, frequently face. For example, in 2024 alone, approximately 52.8 billion robocalls were placed in the United States. RobocallIndex.com, YouMail Robocall Index, https://robocallindex.com/history/time (last visited January 6, 2025). The private right of enforcement of the TCPA is critical to stopping the proliferation of these unwanted telemarketing calls. For example, while the Federal Communications Commission levied over $200 million in penalties against telemarketers between 2015 and 2018, it collected less than $7,000 of that amount. *See* Sarah Krouse, *The FCC Has Fined Robocallers $208 Million. It's Collected $6,790*, THE WALL STREET JOURNAL, March 28, 2019, https://www.wsj.com/articles/the-fcc-has-fined-robocallers-208-million-its-collected-6-790 11553770803.

**NATURE OF THE CLAIM**

4. This is a putative class action brought pursuant to the TCPA.

5. To promote its goods, services, and/or properties, Defendant engages in unsolicited text messaging and continues to text message consumers after they have opted out of Defendant's solicitations. Defendant also engages in telemarketing without the required policies and procedures, and training of its personnel engaged in telemarketing.

6. Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct, which has resulted in the intrusion upon seclusion, invasion of privacy, harassment, aggravation, and disruption of the daily life of Plaintiff and members of the Class. Plaintiff also seeks statutory damages on behalf of Plaintiff and members of the Class, and any other available legal or equitable remedies.

**JURISDICTION AND VENUE**

7. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the TCPA.

8. The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant directs, markets, and provides its business activities to this District, and because Defendant's unauthorized marketing scheme was directed by Defendant to consumers in this District. Additionally, Plaintiff's telephone number has an area code that specifically coincides with locations in California.

**PARTIES**

9. Plaintiff is a natural person entitled to bring this action under the TCPA, and a citizen and resident of San Bernadino County, California.

10. Defendant is a Washington Limited Liability Company with its headquarters located in Bellevue, Washington.

11. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

## FACTS

12. On or about July 20, 2025, Plaintiff requested to opt-out of Defendant's text messages by replying with a stop instruction as reflected by the following screenshot:



13. Defendant ignored Plaintiff's request and continued text messaging Plaintiff, as demonstrated by the following screenshots:





14. Overall, Defendant sent Plaintiff approximately eight (8) marketing text messages after Plaintiff's initial stop request.

15. As demonstrated by the above screenshots, the purpose of Defendant's text messages was to solicit the sale of consumer goods, services, and/or properties.

16. As demonstrated by the above screenshots, the purpose of Defendant's text messages was to advertise, promote, and/or market Defendant's goods, services, and/or properties.

17. As demonstrated by the above screenshots, Defendant does not honor consumer requests to opt-out of text message solicitations. Indeed, Plaintiff attempted to opt-out of Defendant's text message solicitations by telling Defendant not to contact them anymore, but Defendant continued to text message Plaintiff.

18. Defendant's refusal to honor Plaintiff's opt-out requests demonstrates that Defendant has not instituted procedures for maintaining a list of persons who request not to receive text messages from Defendant. The precise details regarding its lack of requisite policies and procedures are solely within Defendant's knowledge and control.

19. Defendant's refusal to honor Plaintiff's opt-out requests demonstrates that Defendant does not provide training to its personnel engaged in telemarketing. The precise details regarding its lack of training are solely within Defendant's knowledge and control.

20. Defendant's refusal to honor Plaintiff's opt-out requests demonstrates that Defendant does not maintain a standalone do-not-call list. The precise details regarding its lack of training are solely within Defendant's knowledge and control.

21. Defendant did not maintain the required procedures for handling and processing opt-out requests prior to the initiation of the violative text messages it sent to Plaintiff as reflected by the

fact that Plaintiff made at least one opt-out request and that request was never processed; it were ignored by Defendant and its employees and Defendant continued to send text messages.

22. Defendant sent at least two solicitations after Plaintiff's first opt-out request.

23. Plaintiff is the regular user of the telephone number that received the above text message solicitations.

24. Plaintiff utilizes the cellular telephone that received Defendant's texts messages for personal purposes and the number is Plaintiff's residential telephone line.

25. Upon information and belief, Defendant has access to outbound transmission reports for all text messages sent advertising/promoting its services and goods. These reports show the dates, times, target telephone numbers, and content of each message sent to Plaintiff and the Class members. Defendant also has access to text message logs showing Plaintiff's and the Class members' inbound opt-out requests.

26. Defendant's text messages caused Plaintiff and the Class members harm, including statutory damages, inconvenience, invasion of privacy, aggravation, annoyance, and violation of their statutory privacy rights.

## CLASS ALLEGATIONS

**PROPOSED CLASS**

27. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of Plaintiff and all others similarly situated.

28. Plaintiff brings this case on behalf of the Class defined as follows:

> **All persons within the United States who, within the four years prior to the filing of this lawsuit through the date of class certification, received two or more text messages within any 12-month period, from or on behalf of Defendant, regarding Defendant's goods, services, or properties, to said person's residential cellular telephone number, *after* communicating to Defendant that they did not wish to receive**

> **text messages by replying to the messages with a "stop" or similar opt-out instruction.**

29. Plaintiff reserves the right to modify the Class definitions as warranted as facts are learned in further investigation and discovery.

30. Defendant and its employees or agents are excluded from the Class.

**NUMEROSITY**

31. Plaintiff does not know the exact number of members of the Class but is informed and believes that there are at least 50 individuals that fall within the class definition given Defendant's use of automated robotexts to solicit consumers and refusal to honor stop requests. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

32. The exact number and identities of the members of the Class are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

**COMMON QUESTIONS OF LAW AND FACT**

33. There are numerous questions of law and fact common to members of the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the members of the Class are:

    a. Whether Defendant sent text messages to Plaintiff and the Class members;

    b. Whether Defendant continued to send text message solicitations after opt-out requests;

    c. Whether Defendant failed to honor Plaintiff's and the Class members' opt-out requests;

    d. Whether Defendant implemented the requisite training of personnel under section 64.1200;

    e. Whether Defendant maintains an internal do-not-call list and instructs its employees on how to use the list;

      f.   Whether Defendant maintains the required policies and procedures under section 64.1200; and

      g.   Whether Defendant is liable for damages, and the amount of such damages.

34. The common questions in this case are capable of having common answers, and Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

35. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

36. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

### PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE

37. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

38. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For

example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

## COUNT I
## VIOLATION OF 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d)
### (On Behalf of Plaintiff and the Class)

39. Plaintiff re-alleges and incorporates the foregoing allegations set forth in paragraphs 1 through 38 as if fully set forth herein.

40. In pertinent part, 47 C.F.R. § 64.1200(d) provides:

> No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:
>
> (1) *Written policy*. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.
>
> (2) *Training of personnel engaged in telemarketing*. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.
>
> (3) *Recording, disclosure of do-not-call requests.* If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any

failures to honor the do-not-call request. A person or entity making a call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.

41. Under 47 C.F.R § 64.1200(e), the rules set forth in 47 C.F.R. § 64.1200(d) are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers.

42. Plaintiff and the Class Members are residential telephone subscribers who received more than one text message made for purposes of telemarketing or solicitation purposes from Defendant, who has failed to implement the requisite procedures and personnel training as demonstrated by its failure to honor opt-out requests.

43. Plaintiff and the Class members made requests to Defendant not to receive texts from Defendant.

44. Plaintiff and the Class Members revoked any consent they may have provided Defendant by responding with "stop" or similar opt-out instructions.

45. Defendant continued to text message Plaintiff and the Class Members to harass them into making purchases from Defendant.

46. Defendant failed to honor Plaintiff's and the Class members' opt-out requests.

47. Defendant's refusal to honor opt-out requests is indicative of Defendant's failure to implement a written policy for maintaining a do-not-call list and to train its personnel engaged in telemarketing on the existence and use of the do-not-call-list.

48. Plaintiff and the Class members are informed and believe that Defendant has not instituted procedures for maintaining a list of persons who request not to receive telemarketing calls or text messages.

49. Plaintiff and the Class members are informed and believe that Defendant does not have a written policy, available upon demand, for maintaining a do-not-call list.

50. Plaintiff and the Class members are informed and believe that Defendant does not train its personnel engaged in any aspect of telemarketing in the existence and use of the do-not-call list.

51. The details and specific facts regarding Defendant's failure to maintain the required policies and procedures, as well as personnel training, are solely within Defendant's knowledge and possession.

52. Defendant has violated 47 C.F.R. § 64.1200(d) by failing to honor opt-out requests, failing to maintain the required policies and procedures, and failing to train its personnel engaged in telemarketing.

53. Pursuant to section 227(c)(5) of the TCPA, Plaintiff and the Class members are entitled to an award of $500.00 in statutory damages for each and every negligent violation.

54. Pursuant to section 227(c)(5) of the TCPA, Plaintiff and the Class members are entitled to an award of $1,500.00 in statutory damages for each and every knowing or willful violation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;
b) An award of statutory damages for Plaintiff and each member of the Class as applicable under the TCPA;
c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to comply with 47 C.F.R. § 64.1200(d) by (1) maintaining the required written policies; (2) providing training to their personnel engaged in telemarketing; and (3) maintaining a do-not-call list; and

e) Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with Defendant and the text messages as alleged herein.

Dated: June 20, 2025

Respectfully Submitted,

**/s/ Gerald D. Lane, Jr.**
**GERALD D. LANE, JR., ESQ.**
California Bar No: 352470
E-mail: gerald@jibraellaw.com
The Law Offices of Jibrael S. Hindi
1515 NE 26th Street
Wilton Manors, FL 33305
Phone: 754-444-7539

*COUNSEL FOR PLAINTIFF*